UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| MARCUS D. POLK, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| VS. ) | No. 20-1047-JDT-cgc |
| ) | |
| ) | |
| SARAH ARMSTRONG, ) | |
| ) | |
| Defendant. ) | |

ORDER DISMISSING COMPLAINT AND GRANTING LEAVE TO AMEND

On February 24, 2020, Plaintiff Marcus D. Polk, who is currently an inmate at the Northwest Correctional Complex in Tiptonville, Tennessee, filed a *pro se* civil complaint and a motion to proceed *in forma pauperis*. (ECF Nos. 1 & 2.) The Court granted leave to proceed *in forma pauperis* and assessed the civil filing fee pursuant to the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b). (ECF No. 4.) Polk sues Sarah Armstrong, a former Case Manager at the Whiteville Correctional Facility (WCF), where Polk was previously confined. (ECF No. 1 at PageID 2; ECF No. 6 at PageID 17.)

Polk alleges he had a sexual relationship with Armstrong while incarcerated at the WCF. He states they "engaged in oral and coital sexual acts" in her office at the WCF on more than ten occasions between January 7, 2019, and May 5, 2019. He alleges "the lights would be turned off in the office, the file cabinet pulled away from the wall and used to

block the sexual liaisons from view." Polk seeks nominal, punitive, and compensatory damages for "mental and emotional" harm. (ECF No. 1 at PageID 2-3.)

The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint in this case states a claim on which relief may be granted, the Court applies the standards of Fed. R. Civ. P. 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677-79 (2009) and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-57 (2007). *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). The Court accepts a plaintiff's "well-pleaded" factual allegations as true and then determines whether the allegations "'plausibly suggest an entitlement to relief.'" *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681). Conclusory allegations "are not entitled to the assumption of truth," and legal conclusions "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679. Although a complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), Rule 8 nevertheless requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

"*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at

383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. Jan. 31, 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

> Polk filed his complaint pursuant to 42 U.S.C. § 1983, which provides:
>
> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States (2) committed by a defendant acting under color of state law. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

As an initial matter, Polk does not expressly state whether he sues the Defendant in her official or individual capacity. The Sixth Circuit requires plaintiffs to "set forth clearly in their pleading that they are suing . . . defendants in their individual capacity for damages, not simply in their capacity as . . . officials." *Wells*, 891 F.2d at 592. "Absent a specification of capacity, it is presumed that a state official is sued in his official capacity." *Northcott v. Plunkett*, 42 F. App'x 795, 796 (6th Cir. 2002) (citing *Wells*, 891 F.2d at 593).

Notwithstanding this general presumption, Polk's complaint emphasizes Armstrong's uniquely personal conduct. From his factual allegations and the relief requested, it could plausibly be inferred that Polk seeks to sue Armstrong in both her official and individual capacities. The Court thus will construe his allegations as asserting both official and individual capacity claims.

Polk's official capacity claims against the Defendant are treated as claims against CoreCivic, a private prison management company which operates the WCF.[1] However, Polk fails to state a claim against CoreCivic. "A private corporation that performs the traditional state function of operating a prison acts under color of state law for purposes of § 1983." *Thomas v. Coble*, 55 F. App'x 748, 748 (6th Cir. 2003) (citing *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996)). The Sixth Circuit has applied the standards for assessing municipal liability to claims against private corporations that operate prisons or that provide medical care or food services to prisoners. *Id.* at 748-49; *Street*, 102 F.3d at 817-18; *Johnson v. Corr. Corp. of Am.*, 26 F. App'x 386, 388 (6th Cir. 2001); *see also Eads v. State of Tenn.*, No. 1:18-cv-00042, 2018 WL 4283030, at *9 (M.D. Tenn. Sept. 7, 2018). CoreCivic "cannot be held liable under a theory of respondeat superior." *Braswell v. Corr. Corp. of Am.*, 419 F. App'x 622, 627 (6th Cir. 2011). To prevail on a § 1983 claim against CoreCivic, Polk must show that the alleged deprivation of his rights was due to a policy or custom of the company. *Id.* Polk, however, does not

---

[1] "Whiteville Correctional Facility (WCFA) is a time-building prison with a security designation of minimum to medium. WCFA is managed by CoreCivic, a private corrections management firm." Www.tn.gov/correction/sp/state-prison-list/whiteville-correctional-facility.html.

allege that he suffered harm as the result of an unconstitutional policy or custom of CoreCivic. He therefore fails to state a claim against the Defendant in her official capacity.

With regard to his claims against Armstrong in her individual capacity, Polk does not expressly claim deprivation of any particular constitutional right. (*See* ECF No. 1 at PageID 2-3.) To the extent he intends to allege a violation of the Eighth Amendment's prohibition against cruel and unusual punishments, his contention would be construed as a failure to protect claim. Such allegation amounts to a claim of deliberate indifference. *See Farmer v. Brennan*, 511 U.S. 825, 832-33 & 847 (1994) (noting that prison officials "must take reasonable measures to guarantee the safety of the inmates," and a prison official is liable under the Eighth Amendment for failure to protect "only if he knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it"); *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must satisfy an objective and a subjective component. *Farmer*, 511 U.S. at 834. To satisfy the objective component, "a prison official's act or omission must result in the denial of 'the minimal civilized measure of life's necessities.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981)). That is, a prisoner must show that he "is incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *see also Miller v. Calhoun Cnty.*, 408 F.3d 803, 812 (6th Cir. 2005).

The subjective component of an Eighth Amendment violation requires a prisoner to demonstrate that the official acted with the requisite intent; that is, that he had a "sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834; *see also Wilson v. Seiter*, 501 U.S. 294, 297 & 302-03 (1991). Thus, "the prison official must know[] of and

disregard[] an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837-38.  In the context of a failure-to-protect claim, a prison officer will not be held liable without a showing that he or she "should have been aware of the reasonable likelihood of a potential attack and intervened earlier." *Carico v. Benton, Ireland, & Stovall*, 68 F. App'x 632, 639 (6th Cir. 2003).

In this case, though Polk asserts he suffered mental and emotional damage as a result of the sexual relationship with Armstrong, he does not elaborate further.  He does not contend that he opposed the sexual relationship, that he was being coerced, or that he feared for his safety.  Nor does Polk allege that he feared other possible negative consequences if he refused to have sex with Armstrong or reported her actions.  Polk also fails to describe the kind of mental and emotional harm he suffered or allege whether he sought any treatment for that harm.

"[B]ecause the sexual harassment or abuse of an inmate by a corrections officer can never serve a legitimate penological purpose and may well result in severe physical and psychological harm, such abuse can, in certain circumstances, constitute the "'unnecessary and wanton infliction of pain.'" *Freitas v. Ault*, 109 F.3d 1335, 1338 (8th Cir. 1997), *quoted in Kelly v. Moose*, No. 3:12-cv-01339, 2013 WL 141132, at *3 (M.D. Tenn. Jan. 10, 2013).  However, the prisoner must establish, "as an objective matter," that the defendant's actions amounted to the infliction of pain. *Id.*  The facts as alleged in Polk's complaint simply do not plausibly rise to that level; he therefore does not sufficiently state an Eighth Amendment claim.

For these reasons, Polk's complaint fails to state a claim on which relief may be granted and is subject to dismissal.

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA. *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded."). Leave to amend is not required where a deficiency cannot be cured. *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir. 2001) ("We agree with the majority view that sua sponte dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts."). In this case, the Court finds that Polk should be given the opportunity to amend his complaint.

In conclusion, the Court DISMISSES Polk's complaint for failure to state a claim on which relief can be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A (b)(1). Leave to amend, however, is GRANTED.

Any amended complaint must be filed within twenty-one days after the date of this order, on or before **October 29, 2020**. Polk is advised that an amended complaint will replace the original complaint and must be complete in itself without reference to the prior pleading. The amended complaint must be signed, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the amendment. All claims alleged in an amended complaint must

7

arise from the facts alleged in the original complaint. Each claim for relief must be stated in a separate count and must identify each Defendant sued in that count. If Polk fails to file an amended complaint within the time specified, the Court will dismiss the case with prejudice in its entirety, assess a strike pursuant to 28 U.S.C. § 1915(g), and enter judgment.

IT IS SO ORDERED.

                                          s/ **James D. Todd**
                                         JAMES D. TODD
                                         UNITED STATES DISTRICT JUDGE